[Snyder County's Appeal.]

# Snyder County's Appeal.

1. The act of 29th of March, 1827, requiring judgments to be entered on the judgment docket, is applicable to the report of county auditors, finding a balance due the county, by the county treasurer.

2. Such report finding a balance due the county—unless indexed in the judgment docket, though good as a lien against the treasurer, will be postponed to subsequent judgments properly docketed.

THIS was an appeal from the decree of the Court of Common Pleas of Snyder County, making distribution of the proceeds of sale of the real estate of Robert W. Kern.

The facts of the case appear sufficiently from the opinion of the court below, as follows:—

GRAHAM, P. J.—In the matter of the distribution of the money arising out of the sale of the real estate of R. W. Kern, late treasurer of Snyder County, sold by the sheriff of said county.

R. W. Kern was treasurer of Snyder County. The county auditors, in auditing, settling and adjusting the accounts of commissioners, treasurer, &c., of the county, found a balance against R. W. Kern, treasurer, of $489 75, on which there is a balance due to the county yet unpaid of $266 51. The report was presented to the court and ordered to be filed, and it was filed in the prothonotary's office the 10th day of February, 1860. The following entry was made in the appearance docket, and numbered 393. "Statement of receipts and expenditures of Snyder County, presented and ordered to be filed." It was not indexed in the appearance docket, nor entered in the lien or judgment docket, and the entry itself did not show a balance by any one.

This balance of $266 51 is claimed as a lien upon the real estate of Kern, and payable out of the proceeds of the sale by the sheriff, now for distribution. The payment is resisted by subsequent lien creditors; the prior and subsequent liens being more than sufficient to exhaust the fund for distribution.

The 55th section of the act of 15th of April, 1834, directs that "the report of the auditors shall be filed among the records of the Court of Common Pleas of the respective county, and from the time of being so filed shall have the effect of a judgment on the real estate of the officer, who shall thereby appear to be indebted either to the commonwealth or the county."

The act of Assembly of 29th March, 1827, required the prothonotary to keep a docket to be called the judgment docket, and into which shall be copied the entry of every judgment and of every award of arbitrators, &c. There are numer-

ous decisions that a judgment not entered in the judgment docket is not a lien against subsequent lien creditors, and the amount of lien is fixed by the entry in the judgment docket, see 1 Barr, 24; 7 W. & S. 200; 3 Harris, 177.

Secret liens, of which purchasers or judgment creditors have no possible means of obtaining knowledge, are not favored in law. But if the paper filed in the pigeon holes of the prothonotary's office is a lien upon defendant's real estate it is one of that kind. The entry in the appearance docket adds nothing to the means of obtaining knowledge of the debt. It shows nothing more than that a statement of the receipts and expenditures of Snyder County was presented to the court and ordered to be filed.

No notice is given by this entry of a debt due by any one, and it is not even indexed, but it is argued that the act of Assembly only directs the report of auditors to be filed among the records of the court, "and from the time of being so filed shall have the effect of a judgment against the real estate of the officer." But there is no provision that it shall be a lien on the real estate. Give it the full effect of a judgment, but no greater effect, and what does it amount to? A judgment filed and entered among the records of the court is valid and binding between the parties (see *Ridgway, Budd & Co.'s Appeal*, 3 Harris, 122); but it is not a lien as against subsequent lien creditors, unless entered in the lien docket. It is a reasonable construction of the act to say that the legislature intended by filing the report, to give it the effect of a judgment between the parties on which an execution might issue, and the money be collected without further proceedings. If a proper entry had been made in the judgment docket, no doubt it would have acquired the additional attribute of lien against subsequent incumbrances; but to say that it is a lien without such entry, would be giving the report not the same, but a different and greater effect than a judgment. The error in the argument of the counsel for the county is, in assuming that a judgment is necessarily a lien upon defendant's real estate; and when the legislature directed the filing of the auditor's report, to have the effect of a judgment, it necessarily became a lien without complying with all the requisites necessary to make a judgment a lien, and give it priority to subsequent incumbrances.

But irrespective of the omission to enter the report and balance found against the treasurer in the judgment docket, there is no evidence before us to show that the officer charged was summoned to appear, or did appear before the auditors, and it is decided in *Wilson* v. *Clarion County*, 2 Barr, 217, that "under the act of 15th April, 1834, to give to the report of county auditors of a balance due by the commissioners, &c.,

[Hipple *v.* Canal Boat Fashion.]

the effect of a judgment, the officer charged must be summoned to appear at the audit." Under this decision the report of auditors in the case before us could not have even the effect of a judgment.

The amount claimed on the report of auditors filed is rejected, and the money arising from the sale of defendant's real estate by the sheriff, is directed to be paid to the lien creditors according to the priority of their lien.

*A. C. Simpson* and *S. Alleman*, for appellant.

*G. F. Miller*, contra.

Opinion by the court at Pittsburg, October 31st, 1861.

*Per curiam.*—The county auditors' report found a balance due by the county treasurer, and it was duly filed and not appealed from. As against him, therefore, it amounts, at least *prima facie*, to a judgment for that balance. But it was not entered in the lien or judgment docket, and we think that the opinion of the learned president of the Common Pleas sufficiently proves that it is not effectual as a judgment, as against subsequent lien creditors, whose liens are regularly docketed. The act of 3d April, 1843, Purd. 464, sec. 23, is intended to cure previous irregularities, and does not apply to this case.

Appeal dismissed at the costs of the appellant.

THOMPSON, J., dissents.